Filed 11/19/21  P. v. Hernandez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE HERNANDEZ,<br><br>Defendant and Appellant. | F081137<br><br>(Super. Ct. No. VCF092425-02)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Snauffer, J.

## INTRODUCTION

In 2007, a jury convicted petitioner Jose Hernandez of the first degree murder of Jeffrey Donaldson (Pen. Code,[1] § 187, subd. (a); count 1), with a robbery/burglary special circumstance (§ 190.2, subd. (a)(17)), and the attempted murder of Officer G. Byerlee (§§ 187, 664, subd. (e); count 2).[2] (*People v. Hernandez* (May 22, 2009, F054280) [nonpub. opn.] (*Hernandez*).)

In 2019, petitioner filed a petition for resentencing on his murder conviction pursuant to section 1170.95. The court summarily denied the petition on the ground petitioner was ineligible for resentencing.

On appeal, petitioner asserts he established a prima facie claim for resentencing relief on count 1, and the court therefore erred in denying the petition without issuing an order to show cause or holding an evidentiary hearing. He further contends he is entitled to resentencing on count 2, although he did not raise this contention below.

We conclude the court did not err in summarily denying the petition for resentencing on count 1 because the record establishes petitioner is ineligible for resentencing on that count as a matter of law. For reasons we explain, we decline to address petitioner's eligibility for resentencing on count 2. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying the offenses are not relevant to our determination, and we therefore summarize them only briefly.[3]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Petitioner was convicted of additional offenses, as described below.

[3] The People filed a request for judicial notice of the record in petitioner's direct appeal. In his briefing, petitioner quotes extensively from the briefing in his direct appeal, but does not seek judicial notice of those materials. We will take judicial notice of our prior opinion in petitioner's direct appeal, but otherwise deny the motion as the remaining materials are irrelevant. (See *People v. Sanders* (2003) 31 Cal.4th 318, 323, fn. 1 [declining to take judicial notice of documents that were not before the trial court];

2.

"[Petitioner] committed a series of armed robberies and felonies with his half-brother, Carlos Landois. They committed their final robberies by separately entering adjoining clothing stores in a shopping center, armed with semiautomatic handguns and dressed in women's clothes and wigs. As they attempted to leave the scene in separate vehicles, Landois fired multiple shots directly at a police officer who was walking through the parking lot and looking for the robbery suspect. Landois missed the officer, but one of Landois's shots went through the wall of a nearby restaurant and killed a customer who was eating lunch with his family. The officer narrowly avoided being shot by Landois, but the officer fired one shot that instantly killed Landois at the scene. [Petitioner] drove away in his separate vehicle and he was arrested the next day." (*People v. Hernandez, supra*, F054280.)

Petitioner was charged, convicted, and sentenced as follows:

"On August 10, 2007, [petitioner] was charged with count 1, first degree felony murder (Pen. Code, § 187, subd. (a)), with a robbery/burglary special circumstance for which the prosecution sought the death penalty (§ 190.2, subd. (a)(17)); count 2, attempted murder of a peace officer, with the special allegation that the offense occurred while the officer was engaged in the performance of his duties (§§ 187, 664, subd. (e)); counts 3, 4, 5 and 9, second degree robbery (§ 211), with special allegations as to counts 5 and 9 that defendant personally used a firearm (§ 12022.53, subd. (b)); counts 6, 7 and 10, second degree commercial burglary (§ 459); count 8, conspiracy to commit robbery (§ 182, subd. (a)(1)); count 11, unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)); and count 12, receiving a stolen vehicle (§ 496d, subd. (a)).

"After jury trials for both the guilt and penalty phases, defendant was found guilty of all counts, the robbery/murder special circumstance and the special allegations were found true, and the jury returned the sentence of life in prison without possibility of parole for count 1, first degree murder. In addition, the court sentenced defendant to life in prison with the possibility of parole for count 2, attempted murder, with an aggregate determinate term of 22 years as follows: count 5, second degree robbery, the upper term of five years, plus 10 years for the personal use enhancement; count 9, second degree robbery, one year, plus three years four months for the personal use enhancement; count 3, second degree robbery, one year; count 4, second degree robbery, one year; and count 6,

see also *People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [judicial notice cannot be taken of any matter that is irrelevant].)

unlawfully taking or driving a vehicle, eight months; with all terms to run consecutively. The court stayed the terms imposed for the remaining counts." (*Hernandez*, *supra*, F054280, fn. omitted.)

On appeal, this court struck the special allegation to count 2 due to instructional error and vacated the associated sentence. This court otherwise affirmed the judgment and remanded for further proceedings. (*Hernandez*, *supra*, F054280.) The result of those further proceedings is not reflected in the record on appeal in the instant case.

On February 11, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that he was convicted at trial of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine.

On March 29, 2019, the People filed a motion to dismiss the petition, arguing section 1170.95 is unconstitutional. Therein, the People also argued the jury's finding on the robbery/burglary special circumstance precluded petitioner from making a prima facie showing that his conviction falls within the provisions of section 1170.95.

On April 22, 2019, the court appointed counsel to represent petitioner. Counsel did not file a reply to the People's motion to dismiss.

On April 17, 2020, the court held a hearing and denied the petition stating, "The Court finds he is not eligible."

This timely appeal followed.

## DISCUSSION

### I.    Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three

4.

separate provisions to the Penal Code.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[4]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above."[5]  (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing."  (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, "an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed

---

[4]    Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336.)

[5]    The Legislature recently passed, and the Governor signed, a bill amending section 1170.95.  (Sen. Bill No. 775 (2021-2022 Reg. Sess.).)  The amendments are not yet effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis of the issues raised in this petition.  Except where otherwise indicated, we quote from the version of section 1170.95 presently in effect.

under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd[]. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested. The prosecutor must file a response and the petitioner may file a reply. The trial court must then review the petition to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or

6.

offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    Count 1

Petitioner contends he set forth a prima facie claim for relief as to his murder conviction on count 1, and the trial court erred in summarily denying his petition without issuing an order to show cause or holding an evidentiary hearing. We conclude the petition was properly denied at the prima facie stage because the jury's special-circumstance finding establishes petitioner is ineligible for resentencing as a matter of law.

To be eligible for relief pursuant to section 1170.95, petitioner must not have been the actual killer, must not have acted with the intent to kill, and must not have been a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) Here, the jury found true a robbery/burglary special circumstance pursuant to section 190.2, subdivision (a)(17). To find this special circumstance true, the jury was required to find that petitioner acted "with reckless indifference to human life and as a major participant" in aiding or abetting the commission of the underlying felony. (§ 190.2, subd. (d); *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.) In other words, "[t]he language of the special circumstance tracks the language of Senate Bill [No.] 1437 and the new felony-murder statutes." (*Gutierrez-Salazar*, at p. 419.) By finding this special circumstance true, the jury made the requisite findings necessary to sustain a felony-murder conviction under the amended law. The jury's finding on the

robbery/burglary special circumstance establishes that petitioner is ineligible for resentencing as a matter of law.

Nonetheless, petitioner argues the special-circumstance finding, standing alone, is insufficient to render him ineligible for resentencing as a matter of law. In support, he relies on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both decided after his conviction was final. "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.' " ' [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033 (*Gomez*).) Courts of Appeal are split on the question of whether a special-circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law (see *People v. Jones* (2020) 56 Cal.App.5th 474, 478-479 [collecting cases], review granted Jan. 27, 2021, S265854 (*Jones*)), and our Supreme Court has granted review to decide the issue (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606).

Courts which have held that a pre-*Banks* and *Clark* felony-murder special-circumstance finding bars section 1170.95 resentencing relief have reasoned that *Banks* and *Clark* merely clarified the law as it always was. (*Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, review granted; accord, *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.) These courts further note that our Supreme Court does not require juries to be instructed on the *Banks* and *Clark* clarifications. "Rather, while CALCRIM No. 703 now includes *optional* language drawn from *Banks* and *Clark* regarding the factors a jury *may consider*, '[t]he bench notes to the instruction state that *Banks* "stopped short of holding

8.

that the court has a sua sponte duty to instruct on those factors," and *Clark* "did not hold that the court has a sua sponte duty to instruct on those factors." ' " (*Nunez*, at pp. 92-93; accord, *Jones*, at p. 484; *Allison*, at pp. 458-459.)  Thus, these courts found "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards." (*Nunez*, at p. 94.)

These courts have also held that an attack on a special-circumstance finding in a section 1170.95 proceeding effectively constitutes a collateral attack on the judgment. (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142, review granted Oct. 14, 2020, S264284; *Gomez, supra*, 52 Cal.App.5th at p. 16, review granted.)  According to these courts, a petitioner who wishes to argue the special-circumstance finding is invalid under current law must first seek to invalidate that finding through a petition for writ of habeas corpus before seeking resentencing pursuant to section 1170.95.  (*Galvan*, at p. 1142; *Gomez*, at p. 17; *Jones, supra*, 56 Cal.App.5th at p. 485, review granted.)  These courts reason that a contrary interpretation "would read into section 1170.95 a new procedure allowing petitioners to ignore a special circumstance finding—no matter how well supported in the record—as well as the recognized method of challenging it.  Such petitioners would be allowed to relitigate a prior jury finding at an evidentiary hearing where the prosecution bears the burden of proving the truth of the finding, beyond a reasonable doubt, a second time." (*Jones*, at p. 485.)

On the other hand, courts that have found a special-circumstance finding insufficient to render a petitioner ineligible for relief have reasoned that *Banks* and *Clark* "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted June 24, 2020, S262011, abrogated on another ground by *Lewis, supra*, 11 Cal.5th at pp. 962-963; accord, *People v. Harris* (2021) 60 Cal.App.5th 939, 958, review granted Apr. 28, 2021, S267802.)  Thus, these courts

9.

surmised that a petitioner with a pre-*Banks* and *Clark* special-circumstance finding may have been convicted based on "conduct that is not prohibited by section 190.2 as currently understood." (*Torres*, at p. 1180; accord, *Harris*, at p. 958; *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835.) To the extent the jury's finding on a felony-murder special circumstance is legally insufficient under *Banks* and *Clark*, it cannot refute a prima facie showing of entitlement to resentencing relief. (*People v. Secrease* (2021) 63 Cal.App.5th 231, 256, review granted June 30, 2021, S268862.) Accordingly, in considering whether a petitioner is entitled to relief pursuant to section 1170.95, the trial court must first determine whether "the evidence presented at trial was sufficient to support the felony-murder special-circumstance finding under *Banks* and *Clark*." (*Secrease*, at p. 264.)

A panel of this court has recently resolved to follow the line of authority holding that a special-circumstance finding precludes relief as a matter of law. (*People v. Simmons* (2021) 65 Cal.App.5th 739, 748-749, review granted Sept. 1, 2021, S270048.) We agree. *Banks* and *Clark* did not state a new rule of law. Rather, they relied on the United States Supreme Court's decisions in *Enmund v. Florida* (1982) 458 U.S. 782 and *Tison v. Arizona* (1987) 481 U.S. 137 to clarify principles that had long been in existence at the time petitioner was convicted. (See *In re Miller* (2017) 14 Cal.App.5th 960, 978; accord, *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; *Gomez*, *supra*, 52 Cal.App.5th at p. 13, fn. 5, review granted.) *Enmund* prohibited felony-murder liability for a defendant that "did not commit the homicide, was not present when the killing took place, and did not participate in a plot or scheme to murder," and explained that, to be liable for felony murder, the aider and abettor must himself "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." (*Enmund*, at pp. 795, 797.) *Tison* held that, "major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability

10.

requirement." (*Tison*, at pp. 151, 158.) As *Banks* noted, this language from *Tison* was later codified by the California electorate in section 190.2, subdivision (d). (*Banks*, *supra*, 61 Cal.4th at p. 800.) To the extent *Banks* and *Clark* illuminated factors a fact finder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life, they drew those factors from *Edmund* and *Tison*. (See *Banks*, at pp. 801, 803; see also *Clark*, *supra*, 63 Cal.4th at pp. 615, 618-623.) These principles existed when petitioner was convicted and, absent a determination on direct appeal or in habeas that the evidence was insufficient to support the jury's finding, there is no basis to conclude petitioner's jury applied different standards than those described in *Banks* and *Clark*.

Based on the foregoing, petitioner is ineligible for resentencing on his murder conviction as a matter of law, and the court was not required to issue an order to show cause or hold an evidentiary hearing. The petition was properly denied. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.)

## III.    Count 2

Petitioner contends he is entitled to resentencing on his attempted murder conviction on count 2 because he was convicted under a natural and probable consequences theory. Petitioner did not seek resentencing on count 2 in the trial court and raises this issue for the first time on appeal.

As presently written, section 1170.95 does not expressly permit a petition for resentencing on convictions for attempted murder. (§ 1170.95, subd. (a).) However, as previously stated, the Legislature recently passed, and the Governor signed, a bill amending section 1170.95 to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775 (2021-2022 Reg. Sess.), Stats. 2021, ch. 551, § 1, subd. (a).) As indicated above, these amendments will take effect on

11.

January 1, 2022. We requested supplemental briefing on the effect, if any, of these amendments on petitioner's appeal.

The People concede that petitioner may be able to establish a prima facie showing of eligibility for resentencing on his conviction for attempted murder under the law as amended by Senate Bill No. 775 (2021-2022 Reg. Sess.). They ask us to stay the appeal and remand for the trial court to determine petitioner's eligibility for resentencing on count 2 in the first instance. Petitioner meanwhile contends he has already established a prima facie showing on count 2. He asks us to order his "entire petition reinstated" and to remand with directions for the trial court to issue an order to show cause and hold an evidentiary hearing.[6]

Due to the procedural posture of this case, we decline to address petitioner's eligibility for resentencing on count 2. Petitioner has not filed a petition for resentencing on count 2. In effect, he seeks to amend his petition while the matter is pending on appeal. Moreover, a petition for resentencing must be considered by the trial court in the first instance, and the trial court has not ruled on any claim regarding count 2. (See *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1152-1153; *People v. Martinez* (2019) 31 Cal.App.5th 719, 727-728.)

We therefore decline to address petitioner's eligibility for resentencing on his attempted murder conviction. Petitioner may file a petition for resentencing on his attempted murder conviction in the trial court, if desired. Petitioner retains any remedies available to him in the trial court.

## DISPOSITION

The order is affirmed.

---

**6** Ordering the petition reinstated, as petitioner requests, would be ineffective, as we have determined petitioner is ineligible for resentencing on count 1 and the petition did not request resentencing on count 2.

12.